KENNEY ORTHOPEDIC, LLC, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 09–038.

United States Court of Federal Claims.

Oct. 26, 2010.

James Michael Morris, Morris & Morris, PSC, Lexington, KY, for Plaintiff.

Gregg Paris Yates, U.S. Department of Justice, Civil Division, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER REGARDING PENDING DISCOVERY ISSUES

SUSAN G. BRADEN, Judge.

This case is one where a small business with limited resources contests how a federal agency has handled the termination of their contractual relationship. For a variety of reasons, it appears that records that may be relevant were not properly maintained by the agency prior to the time this case was initiated and not properly preserved afterwards. This situation has contributed to a lack of trust between counsel that has made discovery unusually contentious. In an effort constructively to resolve pending discovery issues and move to trial, the court has issued this Memorandum Opinion and Order.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY.

On August 17, 2009, the court issued a Memorandum Opinion and Order denying the Defendant's ("Government") Motions to Dismiss, pursuant to RCFC 12(b)(1) and RCFC 12(b)(6), and holding that the claims alleged in the January 16, 2009 Complaint regarding breach of the implied covenant of good faith and fair dealing were within the court's jurisdiction and sufficiently alleged. *Kenney Orthopedic, LLC v. United States,* 88 Fed.Cl. 688, 702–06 (2009).

On August 26, 2009, the court set a trial date for April 1–2, 2010 in Lexington, Kentucky. On October 29, 2009, the court declined the Government's request to stay the case pending resolution of a related action in the Eastern District of Kentucky, *Kenney et al v. United States et al,* No. 08–00401 (E.D.Ky. filed Oct. 1, 2008). 10/10/09 Transcript ("TR") at 27. The court also ruled

that the parties establish a discovery schedule. *Id.* at 40. Discovery commenced.

On March 8, 2010, the Government filed a Motion To Compel requesting: (1) Plaintiff's records for the 12 Veteran's Administration ("VA") patients who received services from Plaintiff, pursuant to an August 15, 2006 Contract (No. V249–P–0011) between Plaintiff and the VA ("Contract"); (2) quotes and invoices submitted by Plaintiff pursuant to the Contract (arguing these records were no longer "accessible" to the VA); and (3) financial records and records of Plaintiff's profits derived from VA reimbursements. 3/8/10 Gov't Mot. To Compel at 1.

On March 11, 2010, the Government filed a Motion in Limine and Proposed Pre–Trial Order. Specifically, the Government moved to exclude testimony that VA personnel conspired to prevent Plaintiff from entering into customer relationships with prior VA patients. 3/11/10 Mot. in Limine and for Pre–Trial Order at 4. In addition, the Government requested production of a Witness List and any Rule 1006 summaries on which Plaintiff may rely. *Id.* at 2.

On March 12, 2010, Plaintiff filed a Motion to postpone the trial, because the Government waited until March 1, 2010 to provide Kenney Orthopedic with approximately 2,000 pages of documents that contained "new names of potential witnesses, new documentary evidence, ... and new information requiring further discovery[.]" 3/12/10 Mot. at 1. On that same day, the court held a telephone conference, to resolve the Government's March 8, 2010 Motion To Compel. The court ordered that Plaintiff produce the records of VA patients who received services from Kenney Orthopedic under the August 15, 2006 Contract. 3/12/10 TR at 10. The court also ordered Plaintiff to determine whether it had the quotations and invoices associated with the August 15, 2006 Contract,

and to describe any burden of producing these documents. *Id.* at 16–17. The court advised counsel that the plaintiff bears the burden of proof on damages and cannot use documents at trial that had not been produced to the Government. *Id.* at 19–20. The court rescheduled the trial date to July 14–16, 2010. *Id.* at 24.

On March 16, 2010, Plaintiff filed a Motion To Compel seeking: production of medical, orthotic, billing records, and correspondence sent to or from approximately 300 former Kenney Orthopedic customers who were VA patients (hereinafter "Requests 1–3"); identification of recipients of an October 26, 2009 letter sent by the VA retracting a December 31, 2007 letter announcing the termination of Kenney Orthopedic (hereinafter "Request 4"); a copy of the file of Ms. Merilee Rosenberg, Staff Attorney in the Office of General Counsel, Department of Veterans Affairs (hereinafter "the Rosenberg File" or "Request 5"); and missing portions of 36 e-mails sent by the Contracting Officer ("CO") Yvette Harvey (hereinafter "Request 6"). 3/16/10 Mot. Compel at 1–2.

On March 17, 2010, the Government filed a Proposed Order that would grant Plaintiff's March 16, 2010 Motion, if Plaintiff produced its prosthetic-related medical records of the 12 VA patients requested by the Government. 3/17/10 Proposed Order at 1–2. The following day, the Government filed a Proposed Pre–Trial Scheduling Order.

On March 19, 2010, the court held a second telephone conference to discuss pending discovery issues. The court deferred ruling on Plaintiff's March 16, 2010 Motion To Compel until the Government had the opportunity to file a response. 3/19/10 TR at 29. On March 26, 2010, the Government filed a Response objecting to Plaintiff's March 16, 2010 Motion to Compel,[1] with four exhibits.

---

1. The Government objected to producing "purchase orders" as not relevant, insisting that the only relevant documents were 12 Kenney Orthopedic purchase orders issued under the August 15, 2006 Contract that either were previously produced or were in the Plaintiff's custody. 3/26/10 Gov't Resp. at 6. Likewise, production of "purchase orders," "medical records," and "correspondence" (Requests 1–3) of former Kenney Orthopedic customers who were VA patients, but

elected to purchase from other vendors was overbroad, irrelevant, burdensome, and related only to a "speculative theory of damages." *Id.* at 8–14 (emphasis added). In regard to Request 4, the Government represented it previously produced all relevant documents and the proper discovery vehicle to determine the October 29, 2009 letter's recipients is a deposition or an interrogatory. *Id.* at 14–15. Concerning Request 5, the Government indicated that it had

The first exhibit is the testimony of Ms. Peggy Allawat, Chief of the Prosthetics and Sensory Aid Service of the Department of Veterans Affairs Medical Center in Lexington, Kentucky at a September 30, 2009 Evidentiary Hearing before the Honorable Jennifer B. Coffman in the Eastern District of Kentucky, where Plaintiff filed a related case.[2] In that proceeding, Ms. Allawat testified that she sent a December 31, 2007 letter announcing the termination of Kenney Orthopedic to "all patients of Mr. Kenney within the last two years prior to the [December 31, 2007 letter]." 9/30/09 TR at 198.

Second, the Government proffered the September 29, 2009 testimony of Ms. Yvette Harvey, the CO for the August 15, 2006 Contract, in the Eastern District of Kentucky case, wherein she represented that the purportedly incomplete portion of her e-mail was merely a typographical error, and that any pages missing from the 36 e-mails were unrelated to that case. 9/29/09 TR at 35.

Third, the Government proffered a July 31, 2009 Affidavit of Mr. Philip Kauffman, Deputy Assistant General Counsel in the Office of General Counsel, Department of Veterans Affairs. Mr. Kauffman attested that the General Counsel's case management system and other files were searched "diligently and in good faith" and the Rosenberg File consisted of only 11 pages. 7/31/09 Kauffman Aff. at 2.

Fourth, a March 26, 2010 Declaration of Ms. Allawat was proffered that stated:

Based upon the resources we have at our disposal, I estimate that it would take 12–14 weeks to comply with an order to compel the consults, progress notes, prosthetic records, and purchase orders for 300 veteran patients. This would entail paying

staff overtime at a rate of approximately $35.25 per hour, at a total cost of $3,525. 3/26/10 Allawat Decl. at 3.

On March 30, 2010, the court convened a third telephone conference to discuss pending discovery issues. On the same day, the court entered a Joint Stipulated Protective Order.

On April 8, 2010, the court issued an Order granting-in-part and denying-in-part Plaintiff's March 16, 2010 Motion to Compel. Regarding Requests 1–3, because of potential privacy issues, the Government was ordered to provide a copy of all medical, orthotic, and prosthetic records to the court to review in camera to determine whether: (1) the VA patient was a former customer of Kenney Orthopedics; and (2) there was any other notation or reference in the record mentioning that firm. 4/8/10 Order at 1. Regarding Request 4, the Government was ordered to provide Plaintiff with a deposition of the author of the October 26, 2009 termination letter. *Id.* at 1–2. Regarding Request 5, the court determined that no further production was possible, since the Government's represented that all documents in the Rosenberg File that existed had been produced. *Id.* at 2. Regarding Request 6, the court ordered that the Government quantify with specificity the precise burden entailed in producing backup "metadata" to replicate the incomplete CO e-mails at issue. *Id.* at 2.

After reviewing the first set patient records responsive to Requests 1–3, on April 14, 2010, the court ordered the Government to produce all remaining documents in that batch to Plaintiff, together with related correspondence and billing records, since all of the patients named in these documents either were prior customers of Kenney Orthopedics or there was a notation or reference to that firm in the record. On that date, Plaintiff

produced all of the Rosenberg File within the Government's possession. *Id.* at 15–16. With respect to Request 6, the Government previously produced all the documents in the CO's "Kenney Orthopedic 2006 file" and Plaintiff has had the opportunity to conduct discovery or depositions regarding those purportedly incomplete documents, and should file either a Request for Admission of Genuineness or request a deposition. *Id.* at 17–19.

2. On October 1, 2008, Kenney Orthopedic filed a complaint in the Eastern District of Kentucky alleging: defamation; tortious interference with a prospective advantage; tortious interference with a contractual advantage; injurious falsehood; illegal restraint of trade and commerce; trade disparagement; slander of title; trade libel; and intentional infliction of emotional distress. *Kenney et al v. United States et al.,* No. 08–00401 (E.D. Ky. filed Oct. 1, 2008).

filed a Notice to take the deposition of Ms. Peggy Allawat.

On April 19, 2010, the Government filed a Motion For A Protective Order to prevent the deposition of Ms. Allawat, because: (1) Plaintiff's counsel cancelled a previously scheduled deposition of Ms. Allawat; (2) Plaintiff's counsel hung up on telephone calls with the Government and refused to return the Government's calls; and (3) Plaintiff's counsel unilaterally decided to depose Ms. Allawat on short notice, *i.e.,* four business days. On the same day, the Government also filed a Motion for Reconsideration, Clarification, and Relief from the April 8, 2010 Order. The Government first argued that the April 8, 2010 Order "obviates the in *camera* review the Court ruled at the March 30, 2010 hearing it would conduct[.]" 4/19/10 Gov't Mot. Recon. at 1. Second, the Government argues that the April 8, 2010 Order requires only the production of billing documents which were not discussed at the March 30, 2010 status conference, *i.e.,* "vendor invoices" and "quotes." *Id.* at 1, 7. The Government argues that "vendor invoices" or "quotes" should not be produced, because "whatever relevant information they contain is duplicative of information contained in more accessible purchase orders that are already part of the Order[.]" *Id.* at 6–7. The Government insists that these documents "do not contain direct evidence of any potential lost business[,] because they merely represent *offers* by vendors to provide devices or services for a certain price, while the purchase orders represent the Government's formal order for a commercial item, along with its price, and other terms that obligate the vendor to provide the item." *Id.* at 7 (emphasis in original). In further support, the Government attached examples of certain purchase orders, vender invoices, and requests for quotations. Third, the Govern-

ment asked for clarification "as to whether the Court's [April 8, 2010] Order intends to confer upon Plaintiff a right to depose [Ms.] Peggy Allawat ... independent of RCFC Rule 30,[3] thereby allowing Plaintiff to take two depositions of this witness." *Id.* at 1–2. On April 21, 2010, Plaintiff filed a Response objecting to the Government's April 19, 2010 Motion.

On April 26, 2010, the court convened a fourth telephone status conference to discuss pending discovery disputes, after which the court issued an Order. Regarding Requests 1–3, the court ordered the Government to produce the remainder of the medical, orthotic, and prosthetic records of Kenney Orthopedic customers, since the Government affirmed they were similar to those previously reviewed by the court. 4/26/10 TR at 8. The court also ordered the Government to produce an affidavit(s) that explains the CO's practices regarding e-mail, archived billing records, and the status of the Rosenberg Files. *Id.* at 12–13. With respect to Request 4, the court ordered Plaintiff to prepare a one-sentence interrogatory to the Government requesting the name of the author of the October 26, 2009 letter and all recipients, before proceeding with the deposition of Ms. Allawat. *Id.* at 20. The court advised the Government that a default judgment is an option, if the Government does not produce the relevant documents. *Id.* at 14–15.

On April 30, 2010, the Government filed a Notice representing that it would take two weeks to produce the requested documents regarding the 300 Kenney Orthopedic customers (Requests 1–3). 4/30/10 Def. Not. at 1. Attached was an April 30, 2010 Declaration of Ms. Allawat, that was neither sworn nor notarized, wherein she stated that: "invoices submitted by contractors in response to VA

**3.** Rule 30 of the United States Court of Federal Claims provides:

A party may, by oral questions, depose any person, including a party, without leave of court except ...

(A) if the parties have not stipulated to the deposition and: (i) the deposition would result in more than 10 depositions being taken under this rule or RCFC 31 by the Plaintiffs, or by the defendant, or by the third-party defendants;

(ii) the deponent has already been deposed in the case; or (iii) the party seeks to take the deposition before the time specified in RCFC 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or

(B) if the deponent is confined in prison. RCFC 30(a).

requests for quotation following a prosthetic or orthopedic prescription . . . are ordinarily submitted to the VA by vendors via facsimile. . . . [These] vendor invoices are not kept at the VA Medical Center, but are archived and stored at two off-site warehouses." 4/29/10 Allawat Decl. at 2. The "[r]etrieval of these invoices would require an extraordinary commitment of VA resources . . . [since] as many as 500 invoices that are associated with the medical records of the patients with a prior relationship with Kenney Orthopedic . . . are commingled with other invoices from other VA vendors." *Id.* Although Ms. Allawat estimated that "[r]etrieval of these invoices could take as long as six months," nevertheless, she represented to the court that "the information in these invoices is duplicative of information already being produced to Plaintiff in this litigation. There is no information in these invoices that is not already provided in the documents that we are producing to Plaintiff." *Id.*

On May 4, 2010, Plaintiff filed a Motion For Entry Of Default Judgment, because the Government arguably continued to fail to meet outstanding discovery obligations. First, Plaintiff asserted that the Government had not produced any of the 300 patient records referenced in the April 30, 2010 Government Notice (Requests 1–3). 5/04/10 Pl. Mot. at 4. Second, to date, the Government proffered no affidavit explaining "the questionable manner in which records have been maintained" (Request 1–6). *Id.* at 5. Third, to date, the Government produced no affidavit specifying the expense or burden of producing the requested "metadata" regarding deleted CO e-mails (Request 6). *Id.* at 4.

On May 10, 2010, the court convened a fifth telephone status conference to discuss pending discovery disputes. At this conference, the Government represented that all medical records and purchase orders now had been produced. 5/10/10 TR at 5–6. The Government also represented that it would produce metadata for the 36 disputed e-mails discussed in the CO's September 29, 2009 testimony in the Eastern District of Kentucky within two weeks, or provide a certification of what metadata they could not locate. *Id.* at 8; *see also* 9/29/09 TR at 35. In addition, the Government filed the May 10, 2010 Declaration of Ms. Patrice Milfajt, an Information Technology Specialist at the Department of Veterans Affairs in Hines, Illinois. Ms. Milfajt represented that the VA only saves and stores backup tapes for one year and therefore currently has backup tapes only as of January 2009. 5/10/10 Milfajt Decl. at 1–2. Ms. Milfajt indicated that it would take between one and two weeks to search and review the existing data to "restore the e-mail communication and attachment files" from the four relevant VA record custodians. *Id.* at 2. Based on these representations, the court ruled that Plaintiff's May 4, 2010 Motion For Entry of Default Judgment was moot.

On June 3, 2010, the court convened a sixth telephone status conference to discuss pending discovery disputes, wherein the topic was what affidavit or affidavits the April 26, 2010 Order required the Government to produce. Plaintiff argued that it was entitled to affidavits addressing "the Rosenberg [F]ile, the e-mails, the correspondence, [and] the documentation that [the Government] claimed they relied upon making the determinations that . . . they [now] don't have." 6/3/10 TR at 7. In other words, Plaintiff insisted on receiving affidavits from the Government reconciling what documents were missing from each of the six discovery categories requested in Plaintiff's March 16, 2010 Motion. *Id.* The Government responded that Ms. Allawat's April 30, 2010 Declaration fully satisfied that obligation. *Id.* at 4. To resolve this issue, the court suggested that Plaintiff provide the Government with a list of what documents Plaintiff believed were missing from the records of the 300 VA patients referring, if possible, to specifics. *Id.* at 32–33. In addition, the court ordered that the Government provide Plaintiff with an index explaining the organization of VA patients' records produced. *Id.*

On June 25, 2010, Plaintiff filed a Motion for Leave to File an Amended Complaint to add a claim for breach of contract. On July 12, 2010, the Government filed a Response, arguing that: (1) the court does not have jurisdiction to adjudicate the Amended Complaint, because Plaintiff has failed to satisfy

the certified claim requirement under the Contracts Disputes Act of 1978, 41 U.S.C. § 605(c); and (2) Plaintiff's May 4, 2010 Motion For Entry of Default Judgment is designed to delay this proceeding and prejudice the United States. 6/12/10 Res. at 1. The following day, Plaintiff filed a Reply.

On July 13, 2010, the court convened a seventh telephone conference regarding pending discovery disputes, wherein Plaintiff complained about the organization of the 300 patients' records (Requests 1–3). 7/13/10 TR at 5–8. The court suggested that if the parties could not reach resolution, a law clerk might be required to travel to Lexington, Kentucky to examine the documents, to resolve the dispute. *Id.* at 16. The court denied Plaintiff's motion to amend the complaint, since the court did not have jurisdiction to hear claims alleged under 41 U.S.C. § 605(c). *Id.* at 15.

On August 24, 2010, the court convened an eighth telephone status conference regarding pending discovery disputes, wherein Plaintiff continued to object to the organization and completeness of the Government's production regarding the 300 patients' records (Requests 1–3). 8/24/10 TR at 12. On September 10, 2010, the Government filed a Notice to advise the court that the all of the records relevant to Requests 1–3 had been reorganized, re-labeled, and reproduced to Plaintiff. 9/10/10 Def. Not. at 1.

On September 13, 2010, Plaintiff filed a Notice representing that it was continuing to sort through patients' records. 9/13/10 Pl. Not. at 2–3. In addition, Plaintiff made a renewed request for affidavits from the Government regarding the missing records, noting that it never received the May 20, 2010 Milfajt Declaration. *Id.* at 5–9. Finally, Plaintiff stated it was having difficulty in scheduling depositions with the Government. *Id.* at 9.

On September 13, 2010, the court held a ninth telephone conference regarding discovery pending disputes, wherein Plaintiff again requested the production of affidavits from the Government as to: "what is in existence, what has been destroyed, and what can no longer be found." 9/13/10 TR at 5. In addition, Plaintiff contended that the archived

documents discussed in Ms. Milfajt's Declarations were not "metadata," and requested production of "metadata" from the CO's computer. *Id.* at 4–5. At this conference, the court advised the parties that it would reconsider Plaintiff's March 16, 2010 Motion to Compel in light of the Government's production to date; affidavits produced; the prior transcripts; prior court orders; and make a determination about the adequacy of the Government's compliance. *Id.* at 18. Later that day, the Government filed a Notice submitting a May 20, 2010 Declaration of Patrice Milfajt, wherein she advised the court that the 36 CO e-mails requested by Plaintiff actually comprised 65 discrete documents. 5/20/10 Milfajt Decl. at 1. Of these 65 documents identified, to date, the Government had produced only 25 to Plaintiff. *Id.* Of the remaining 40 documents that Ms. Milfajt located, an additional 17 complete documents were located in archived backup tapes. *Id.* Ms. Milfajt also identified 7 encrypted documents that potentially are relevant to Plaintiff's request. *Id.* at 2. Ms. Milfajt indicated that she would attempt to decrypt these documents and, if successful, would confirm that they are complete copies of the documents requested by the Plaintiff. *Id.*

On September 22, 2010, the Government filed a Supplemental Brief of Discovery Issues Raised During The September 13, 2010 Status Conference, representing that the Government was in full compliance with all discovery obligations. 9/22/10 Gov't Supp. Br. at 1. With regard to the "metadata" (Request 6), the Government has "produced all documents relating to this issue that it could locate within its possession, custody, or control[.]" *Id.* at 2. The Government, however, did not represent that it attempted to decrypt the 7 encrypted documents identified in the May 20, 2010 Declaration of Patrice Milfajt.

The Government explained that it interpreted the court's April 8, 2010 Order as requiring no further action, regarding the Rosenberg File (Request 5). *Id.* at 11–12. With respect to the "billing" records (Requests 1–3), the Government represented that all discovery obligations were satisfied by the April 30, 2010 Declaration of Ms.

Peggy Allawat. *Id.* at 17. Finally, the Government argued that Plaintiff is not entitled to an affidavit "relating broadly to all the Government's discovery," in light of other affidavits submitted.[4] In addition, in light of the fact that Plaintiff previously deposed and cross-examined Contracting Officer Yvette Harvey in the related action in the Eastern District of Kentucky, that should be sufficient for this case. *Id.* at 18. On the same day, Plaintiff filed a Motion To Strike the Government's Supplemental Brief.

On September 30, 2010, Plaintiff filed notices to take the deposition of: Ms. Peggy Allawat, Prosthetic Manager for the VA, on October 22, 2010; Ms. Betty Benmark, Network Contracting Manager for the VA, on October 26, 2010; Dr. Deborah Photos on October 20, 2010; Ms. Yavonne Money, Certified Prosthetist for the VA, on October 13, 2010; Ms. Yvette Harvey, Contracting Officer for the VA, on October 27, 2010; and Dr. Helen O'Donnell on October 21, 2010.

On October 7, 2010, the Government filed a Response objecting to Plaintiff's September 22, 2010 Motion To Strike.

## II. DISCUSSION AND CONCLUSION.

After reconsidering the arguments of all parties regarding the disputed discovery issues, the court has determined that RCFC 26,[5] 34,[6] and 37,[7] and interests of justice require, that on or before November 30, 2010, the Government:

1. provide the court with an affidavit describing whether Ms. Allawat prepared her April 30, 2010 Declaration, or if it was prepared by counsel, designating the name and affiliation of that counsel;[8]

2. provide the court with an affidavit listing the names of the VA patients who were sent a letter regarding Plaintiff's termination and the October 26, 2009 VA retraction letter;

3. provide the court an affidavit from Contracting Officer Yvette Harvey addressing her practice of record keeping regarding both e-mails and other agency correspondence, and a separate affidavit from her immediate supervisor describing agency protocol and whether Ms. Harvey's practice of record keeping conformed with that protocol;

4. produce any documents that serve as a back-up for the 36 e-mails requested in Plaintiff's March 16, 2010 Motion To Compel. In addition, the Government is ordered to provide the court with an affidavit concerning the feasibility of recovering "metadata" directly from the CO's computer;

---

4. *See e.g.,* August 19, 2009 Kauffman Affidavit (describing the search for and production of the Rosenberg File); March 26, 2010 Allawat Declaration (indicating that it would take between 12 and 14 weeks to produce the medical records associated with the 300 patients); April 30, 2010 Allawat Declaration (representing that it would take 6 months to produce vendor invoices and quotes, all of which contained no relevant information that had not already been produced); May 10, 2010 Milfajt Declaration (indicating that the Government had copies of VA employee e-mails only as of January 2009); and May 20, 2010 Milfajt Declaration (representing that the incomplete e-mails Plaintiff requested consisted of 65 discreet documents, of which the Government produced 25 in full, had archived versions of another 17, and possibly possessed archived versions of an additional 7). 9/22/10 Gov't Supp. Br. at 19–20.

5. RCFC 26 provides: "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." RCFC 26(b)(1).

6. RCFC 34 governs procedure for document production. RCFC 34(b).

7. RCFC 37 provides: "If a party or a party's officer, director, or managing agent—or a witness designated under RCFC 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under RCFC 16(b), 35, or 37(a), the court may issue further just orders." RCFC 37(b)(2)(A).

8. If Ms. Allawat had reviewed the documents, as of the April 30, 2010 Declaration, six additional months certainly was not necessary to accomplish their retrieval. Of a more serious import, if Ms. Allawat had not reviewed the documents at issue, her representation that the vendor invoices requested were "duplicative of information already being produced to Plaintiffs in this litigation" or that "[t]here is no information in these invoices that is not already provided in the documents that we are producing to Plaintiff," could not have been truthful. *Id.* at 2.

5. produce to Plaintiff the 17 complete documents archived in backup tapes that were identified in the May 20, 2010 Milfajt Declaration;

6. decrypt and produce to Plaintiff the 7 encrypted documents identified in the May 20, 2010 Milfajt Declaration; and

7. provide the court with an affidavit stating when and what instructions were provided to and by the VA and/or DOJ counsel regarding retention of documents after the initial January 2, 2008 Complaint was filed.

In addition, Plaintiff's September 22, 2010 Motion To Strike Notice is denied. Plaintiff is hereby further ordered not to file any additional procedural motions concerning the Government's production of discovery or conduct in this case, without prior notice and consultation with Government counsel and the court. All other pending motions as of this date by either party are denied as moot, except for Plaintiff's Renewed Motion for Entry of Default Judgment, filed on October 25, 2010. In light of a telephone conference to discuss this motion, the court has decided to stay the Government's obligation to respond, pending further order of the court.

The parties also are ordered to participate in a telephone status conference on December 15, 2010 to reset a date for trial and proposed schedule for the exchange of any expert reports, exhibits, and pre-trial briefs.

**IT IS SO ORDERED.**